**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
**F I L E D**

**JUN 1 8 2020**

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 5: 20-CR-32-DCR**

**UNITED STATES OF AMERICA**                               **PLAINTIFF**

**V.**                                    **PLEA AGREEMENT**

**JAVANTEZ L. MASTERS**                              **DEFENDANT**

\* \* \* \* \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will
enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C.
§ 841(a)(1), possession with intent to distribute marijuana, Count 2 of the Indictment,
charging a violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of
a drug trafficking crime, and Count 3 of the Indictment charging a violation of 18 U.S.C.
§ 922(g)(1), possession of a firearm by a convicted felon. The Defendant also agrees to
forfeiture of the property listed in the Forfeiture Allegations.

2.      The essential elements of Count 1 of the Indictment are as follows:

   (a)    That the defendant knowingly possessed a controlled substance,
          marijuana, a Schedule I controlled substance, under federal law; and

   (b)    That the defendant intended to distribute marijuana to another person.

3.      The essential elements of Count 2 of the Indictment are:

   (a)    That the defendant committed a drug trafficking crime as reflected in
          Count 1;

1

      (b)      That the defendant knowingly possessed a firearm; and

      (c)      That the possession of the firearm was in furtherance of the crime of drug trafficking reflected in Count 1.

4.      The essential elements of Count 3 of the Indictment are:

      (a)      That the defendant knew he been convicted of a crime punishable by imprisonment for more than one year;

      (b)      That the defendant, following the conviction, knowingly possessed a firearm; and

      (c)      That the firearm crossed a state line prior to the alleged possession.

5.      As to Counts 1, 2, and 3 of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

      (a)      In June 2019, detectives with the Lexington Police Department's narcotics unit received information that Javantez Masters was distributing high grade marijuana. During their investigation detectives located Masters. They also learned that he was driving a Dodge Durango and living at a residence on Wellington Way.

      (b)      Based upon their continued investigation, detectives obtained a search warrant for Masters and his Wellington Way residence. On September 23, 2019, detectives located Masters and advised him of the search warrant. Masters was searched and detectives located $4,340 in US currency. Masters advised detectives that he had marijuana in his vehicle and at his residence. Masters also advised that he had firearms at his residence.

      (c)      During a search of Masters' vehicle detectives located approximately 1 pound of suspected marijuana and an additional $6,600 in US currency.

      (d)      On September 23, 2019, detectives executed the search warrant on Masters' Wellington Way residence, in Fayette County, in the Eastern District of Kentucky. During the search detectives located, among other things, a vacuum

sealer, vacuum sealer bags, a money counter, $24,704 U.S. currency, and an active marijuana grow operation. Additionally, 35 pounds of suspected marijuana, a loaded Anderson rifle, a Draco-Micro pistol, and a loaded 9mm Glock, magazines, and assorted ammunition were located. There was at least one extended magazine capable of accepting a high capacity magazine.

(e)    A portion of the seized marijuana was sent to the KSP laboratory for testing and was found to contain 3,527 grams of marijuana, a controlled substance. Masters admits the remaining 12,701 grams of seized suspected marijuana is marijuana, a controlled substance. Masters further admits the 16.228 KG of seized marijuana was possessed with intent for distribution to another.

(f)    ATF identified the firearms as a Glock, model 19, caliber 9x19, pistol, bearing serial number ACHV239; a Romarm, model Draco Micro, caliber 7.62x39, pistol, bearing serial number PMD04984-17RO; and an Anderson Manufacturing, model AM-15, caliber Multi, rifle, bearing serial number 15205968. ATF agents further confirmed that the handgun traveled through interstate commerce prior to Johnson's possession.

(g)    Masters was in possession of the marijuana with intent to distribute. The location and types of firearm and the amount of marijuana possessed are consistent with and indicative of possession of a firearm in furtherance of drug trafficking. Additionally, Masters admitted that he had the firearms for protection.

6.    The defendant has a prior drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851 [DE # 14], and therefore the defendant is subject to an enhanced statutory punishment. The enhanced statutory punishment for Count 1 is imprisonment for not more than 10 years, a fine of not more than $500,000 and a term of supervised release of at least 4 years. The statutory punishment for Count 2 of the Indictment is imprisonment for not less than 5 years, nor more than life, consecutive to any other sentence, a fine of not more than $250,000 and a term of supervised release of not more than 5 years. The statutory punishment for Count

3

3 of the Indictment is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years.

7.      The Defendant further acknowledges, agrees, and waives any further notice pursuant to 21 U.S.C. § 851, and stipulates that at the time he possessed the firearm, he knew he had previously been convicted of Trafficking in Marijuana, 8 ounces to 5 pounds no firearm, an offense punishable by more than 1 year, which was imposed by the Fayette Circuit Court, Commonwealth of Kentucky, in case number 18-CR-1371, entered in August 2019.8.

8.      Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a)      The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b)      Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 5 and all provided discovery materials.

(c)      Pursuant to USSG § 2D1.1(c)(13), the base offense level for Count 1 is 14 because the amount of marijuana is at least 10 KG but less than 20 KG.

(d)      Pursuant to USSG § 2K2.1(a)(3), the base offense level for Count 3 is 22 because the offense involved a semiautomatic capable of accepting a large capacity magazine and the Defendant committed the offense subsequent to sustaining a felony conviction for a controlled substance offense.

(e)      Pursuant to USSG § 2K2.1(b)(1)(A), the offense level for Count 3 is increased by 2 levels because the offense involved 3 to 7 firearms.

(f)      Pursuant to USSG § 3D1.2 and 3D1.3, the offenses group to the highest offense level which is 24.

4

(g)     Pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence for Count 2 of the Indictment is the minimum term or imprisonment required by 18 U.S.C. § 924(c)(1)(a), which is 5 years consecutive to any other sentence.

(h)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.  If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

9.      No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

10.     The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

11.     The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

12.     The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States could prove by a preponderance of the evidence that a nexus exists between the property and criminal conduct. The Defendant waives any and all provisions set forth in Rule 32.2 regarding the timing of forfeiture orders.

13.     The Defendant agrees to cooperate fully with the United States Attorney's

5

Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum

schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

15.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16.    This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

7

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 6.18.20          By: _____

Cynthia T. Rieker
Assistant United States Attorney

Date: 06/04/20          _____

Javantez L. Masters
Defendant

Date: 6/11/2020          _____

Rachel Yavelak
Attorney for Defendant

8